UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JENELLE HARRIS,

    Plaintiff,

v.                                          Case No. 8:20-cv-1770-T-60CPT

EQUIFAX INFORMATION
SERVICES, LLC, TRANS
UNION, LLC, and C&F
FINANCE COMPANY,

    Defendant.
_____/

**ORDER DENYING C&F FINANCE'S MOTION TO DISMISS**

This matter is before the Court on Defendant "C&F Finance Company's Motion to Dismiss and Memorandum of Law in Support Thereof," filed September 14, 2020. (Doc. 9). On September 30, 2020, Plaintiff filed her response in opposition. (Doc. 19). After reviewing the motion, response, court file, and record, the Court finds as follows:

**Background**[1]

The relevant facts presented here are not complicated, and seem mostly undisputed. On March 5, 2020, Harris received her credit report from Equifax Information Services, LLC ("Equifax") and Trans Union, LLC ("Trans Union"), which contained a tradeline with a notation reading "account in dispute." On April 3, 2020, Harris sent a letter to Equifax and Trans Union requesting this notation be removed. Harris alleges Equifax and Trans Union then forwarded this request to C&F Finance

---

[1] For the purpose of ruling on a motion to dismiss, this Court must accept Plaintiff's well-pleaded facts as true. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995).

Company ("C&F Finance"), which then verified that this notation was in fact accurate. On May 11, 2020, Harris obtained a second credit report, which still contained the "account in dispute" notation. Harris now brings suit against C&F Finance, in addition to Equifax and Trans Union, alleging it negligently and willfully violated the Fair Credit Reporting Act ("FCRA") by not properly investigating her dispute nor reviewing the letters she sent to Equifax and Trans Union. *See* 15 U.S.C. § 1681s-2(b). Consequently, Harris claims her credit and emotional wellbeing have suffered, and is therefore entitled to damages.

## Analysis

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570. When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty*

*Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

C&F Finance argues Harris failed to state a claim against it under 15 U.S.C. § 1681s-2(b), and these claims should be accordingly dismissed. This provision of the FCRA requires furnishers (like C&F Finance) to "conduct an investigation after receiving notice from a CRA [Credit Reporting Agency, such as Equifax and Trans Union] of a dispute lodged by a consumer regarding information provided by the furnisher."[2] 15 U.S.C. § 1681s-2(b). "Upon receipt of a notice from a CRA that a consumer disputes the completeness or accuracy of any information provided by a furnisher, the furnisher must (1) conduct an investigation with respect to the disputed information; (2) review all relevant information provided by the CRA; and (3) report the results of the investigation to the CRA." *Felts v. Wells Fargo Bank, N.A.*, 893 F.3d 1305, 1312 (11th Cir. 2018); *see also* 15 U.S.C. § 1681s-2(b)(1). The requirement of a reasonable investigation is "procedural," and "[a]n investigation is not necessarily unreasonable because it results in a substantive conclusion unfavorable to the consumer, even if that conclusion turns out to be inaccurate." *Gorman v. Wolpoff & Abramson, LLP,* 584 F.3d 1147, 1161 (9th Cir. 2009).

Harris explicitly alleges in her complaint that C&F Finance "failed to conduct a proper investigation" and "failed to review all relevant information available to it and provided by Equifax and Trans Union." (Doc. 1 at ¶¶ 15, 16, 22, 23). Harris also alleged she suffered harm to her credit and personal wellbeing as a result. (*Id*. at ¶¶ 13, 18, 24). Nothing more is required to survive a motion to dismiss. While the cases

---

[2] C&F Finance does not contest that it is a furnisher for the purposes of this statute.

cited by C&F Finance support its position, they involve slightly different facts and are not binding authority on this Court.[3]

C&F Finance also argues that Plaintiff's allegations regarding damages and causation are legally insufficient. The Court disagrees. Harris has sufficiently pled a claim for damages allegedly caused by C&F Finance. Whether she can actually prove damages caused by C&F Finance is a question for another day more properly brought as a motion for summary judgment.[4]

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Defendant "C&F Finance Company's Motion to Dismiss and Memorandum of Law in Support Thereof" (Doc. 9) is **DENIED**.

(2) C&F Finance is directed to file an answer on or before November 20, 2020.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 6th day of November, 2020.

TOM BARBER
UNITED STATES DISTRICT JUDGE

---

[3] *American Elec. Power Co., Inc. v. Connecticut*, 564 U.S. 410, 428 (2011) ("federal district judges, sitting as sole adjudicators, lack authority to render precedential decisions binding other judges, even members of the same court."); *United States v. Chan*, 729 F. App'x 765, 771 at (11th Cir. Apr. 4, 2018) (citing the above quote).

[4] It should be noted that *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151 (11th Cir. 1991), and *Arianas v. LVNV Funding LLC*, 132 F. Supp. 3d 1322 (M.D. Fla. 2015), cases cited by C&F in support of its damages argument here, both involved resolution of FCRA claims on summary judgment, not on motions to dismiss.